1

2

3                      UNITED STATES DISTRICT COURT

4                     NORTHERN DISTRICT OF CALIFORNIA

5                             SAN JOSE DIVISION

6

7    MEDICAL INCORPORATED                    Case No.  22-mc-80250-BLF
     ASSOCIATION SHOKOKAI,
8
                     Plaintiff,              **ORDER GRANTING *EX PARTE***
9                                            **MOTION TO AUTHORIZE FOREIGN**
            v.                               **DISCOVERY**
10
                                             [Re:  ECF No. 1]
11   ,
                     Defendant.
12

13          On September 28, 2022, Applicant Medical Incorporated Association Shokokai

14   ("Applicant") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an

15   order granting leave to obtain discovery from Respondent Google LLC ("Google") in connection

16   with a potential legal action and criminal investigation in Japan.  ECF No. 1 ("App.").  For the

17   reasons set forth below, the Court GRANTS Applicant's application.

18   **I.      BACKGROUND**

19          Applicant is a medical incorporated association doing business as Aizawa Clinic ("Clinic")

20   in Katori-shi, Chiba-ken, Japan.  ECF No. 1-1 ("Aizawa Decl.") ¶¶ 2-3.  The Director of the Clinic

21   is Masamichi Aizawa, who is a licensed medical doctor and neurosurgeon in Japan.  *Id.* ¶ 1.  The

22   Clinic focuses on stroke prevention, early diagnosis and treatment of dementia, and discovery of

23   cancer.  *Id.* ¶ 4.

24          The Clinic has a Google MyBusiness account, through which it can edit the profile that

25   appears on the Google search engine and Google Maps.  Aizawa Decl. ¶ 9.  Aizawa asserts that

26   many patients find the Clinic using Google.  *Id.* ¶ 8.

27          An anonymous individual using a Google account with the name "sua" published a review

28   of the Clinic on Google, giving it a one-star rating.  Aizawa Decl. ¶ 11; *see* ECF 1-3 Exh. A.

United States District Court
Northern District of California

1   Aizawa asserts that the review is false, has damaged the reputation of the Clinic, and has had a

2   significant negative effect on business operations.  Aizawa Decl. ¶¶ 12-13.  Specifically, he claims

3   the Clinic has lost 30,632,000 Japanese Yen as a result of the review.  *Id.* ¶ 14.

4   Aizawa seeks to file a civil lawsuit against the anonymous individual in Japan, under

5   Articles 709 and 710 of the Civil Code of Japan, which are the statutes for reputational torts.

6   Aizawa Decl. ¶¶ 16-17; ECF No. 1-2 ("Kawamura Decl.") ¶¶ 6-10.  But because Japanese law

7   does not allow lawsuits to be filed against anonymous persons, Aizawa must first determine the

8   identity of the anonymous individual.  Kawamura Decl. ¶ 11.  Aizawa is also seeking to file a

9   criminal complaint with the police for the crime of defamation pursuant to Article 230, paragraph

10   1 of the Penal Code of Japan.  *Id.* ¶¶ 12-16.  Aizawa's attorney states that a criminal complaint for

11   criminal defamation will not be accepted by authorities unless the complaint provides information

12   that may lead to the true identity of the person who committed the crime.  *Id.* ¶ 17.

13   Applicant is therefore seeking to subpoena Google to learn the identity of the anonymous

14   individual.  Kawamura Decl. ¶ 18; *see* ECF No. 1 at 12-16 (subpoena).  The subpoena asks for

15   information associated with the identified account or associated accounts, including any names,

16   addresses, email addresses, telephone numbers, credit card names (excluding numbers), and

17   identifying access log information, such as IP addresses.  ECF No. 1 at 15-16.

18   Applicant filed an *ex parte* application asking this court to authorize the serving of this

19   supoena on Respondent.  App.

20   **II.   LEGAL STANDARD**

21   Section 1782 provides, in relevant part:

22   The district court of the district in which a person resides or is found may order him
      to give his testimony or statement or to produce a document or other thing for use
23   in a proceeding in a foreign or international tribunal, including criminal
      investigations conducted before formal accusation. The order may be made ... upon
24   the application of any interested person and may direct that the testimony or
      statement be given, or the document or other thing be produced, before a person
25   appointed by the court.... To the extent that the order does not prescribe otherwise,
      the testimony or statement shall be taken, and the document or other thing
26   produced, in accordance with the Federal Rules of Civil Procedure.

27   28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering

28   evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,

United States District Court
Northern District of California

1    247 (2004).  Section 1782 permits district courts to authorize discovery "where three general

2    requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found'

3    in the district of the district court where the application is made; (2) the discovery is 'for use in a

4    proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or

5    international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

6    (9th Cir. 2019) (quoting § 1782(a)).

7            But "a district court is not required to grant a § 1782(a) discovery application simply

8    because it has the authority to do so."  *Intel*, 542 U.S. at 264.  Instead, a district court has

9    discretion to authorize discovery under Section 1782.  *Id.* at 260-61.  In exercising this discretion,

10   a district court should consider the following four factors identified by the Supreme Court: (1)

11   whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)

12   "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the

13   receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial

14   assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering

15   restrictions or other policies of a foreign country or the United States"; and (4) whether the request

16   is "unduly intrusive or burdensome."  *Id.* at 264-65.  In exercising its discretion, the district court

17   should consider the twin aims of the statute: "providing efficient assistance to participants in

18   international litigation and encouraging foreign countries by example to provide similar assistance

19   to our courts."  *Id.* at 252.

20           Section 1782 applications are generally considered on an *ex parte* basis because "parties

21   will be given adequate notice of any discovery taken pursuant to the request and will then have the

22   opportunity to move to quash the discovery or to participate in it."  *IPCom GMBH & Co. KG v.

23   Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-

24   10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).

25   "Consequently, orders granting § 1782 applications typically only provide that discovery is

26   'authorized,' and thus the opposing party may still raise objections and exercise its due process

27   rights by challenging the discovery after it is issued via a motion to quash, which mitigates

28   concerns regarding any unfairness of granting the application *ex parte*."  *In re Varian Med. Sys.*

United States District Court
Northern District of California

3

1    *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

2    **III.    DISCUSSION**

3        **A.    Statutory Requirements**

4        Applicant's request satisfies the requirements of Section 1782.  First, the statute requires

5    that Respondent be found in the district.  A business entity is "found" in the judicial district where

6    it is incorporated or headquartered.  *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-

7    mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases).

8    Google is headquartered in Mountain View, California.  Kawamura Decl. ¶ 5.  Mountain View,

9    California is within this district, so this requirement is met.

10       Second, the discovery must be for use in a proceeding in a foreign tribunal.  For a

11   proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be

12   "within reasonable contemplation."  *Intel*, 542 U.S. at 259.  Here, a civil lawsuit is within

13   reasonable contemplation because Aizawa has declared that he intends to bring a lawsuit under

14   Japanese tort law once he learns the identity of the anonymous individual.  Aizawa Decl. ¶¶ 16-17;

15   Kawamura Decl. ¶¶ 6-10, 18.  He has already retained counsel for the purpose of doing so.  *See*

16   Aizawa Decl. ¶ 16; Kawamura Decl. ¶ 4.  Further, Section 1782 applies to criminal proceedings

17   prior to formal accusation.  *In re O2CNI Co., Ltd.*, No. C 13-80125, 2013 WL 4442288, at *6

18   (N.D. Cal. Aug. 15, 2013).  Aizawa has declared that he intends to file a criminal complaint once

19   he learns the identity of the anonymous individual, and he has retained counsel to do so.  Aizawa

20   Decl. ¶¶ 16-17; Kawamura Decl. ¶¶ 4, 12-17.

21       Third, an application under Section 1782 must be brought by an "interested person."  A

22   litigant in a foreign proceeding is an "interested person" for purposes of Section 1782.  *Intel*, 542

23   U.S. at 256-57.  Further, the "victim and complainant" in a criminal proceeding is an "interested

24   person."  *See In re O2CNI Co., Ltd.*, 2013 WL 4442288, at *6.  As the putative plaintiff in the

25   civil lawsuit and victim and complainant in the criminal investigation, Applicant is an interested

26   person.  Aizawa Decl. ¶ 17.

27       **B.    Discretionary *Intel* Factors**

28       The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of

United States District Court
Northern District of California

4

the Court granting the application.

### 1. Respondent is not a participant in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will not be a party or participant in the Japanese civil lawsuit or criminal proceeding; the only other party would be the anonymous individual. Kawamura Decl. ¶ 19. This factor therefore weighs in favor of granting the application.

### 2. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

Aizawa has submitted a declaration from his attorney, who is admitted to practice in Japan, that asserts that Japanese courts and criminal investigative authorities are receptive to assistance in discovery by U.S. federal courts. Kawamura Decl. ¶¶ 20-21. The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). In fact, courts in this district have previously granted Section 1782 discovery for use in proceedings in Japan. *See In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021).

1  Therefore, this factor weighs in favor of granting discovery.

2      **3. There is no circumvention of foreign discovery procedures.**

3    The third factor asks a court to consider whether the applicant is aiming to circumvent the

4  foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh

5  in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent

6  foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL

7  7146994, at *3 (N.D. Cal. Dec. 15, 2014).

8    Here, there is no reason to believe that Applicant is seeking to circumvent Japanese

9  evidence laws. Aizawa's attorney stated as much in his declaration. Kawamura Decl. ¶ 16.

10  Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

11      **4. The request is not unduly burdensome or intrusive.**

12    Finally, the last *Intel* factor asks a court to consider whether the proposed discovery is

13  overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Google

14  about the anonymous individual. The subpoena is narrowly tailored to seeking the information

15  that is necessary to identify the identity of the putative defendant, and courts have found that

16  requests seeking similar information were not unduly intrusive or burdensome. Kawamura Decl.

17  ¶¶ 23-28; *see Med. Corp. H&S*, 2019 WL 1230440, at *3-4; *Med. Corp. Seishinkai*, 2021 WL

18  3514072, at *4-5. To the extent Respondent asserts that any of the information sought by

19  Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the

20  parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-

21  WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to

22  Respondents).

23    //

24    //

25    //

26    //

27    //

28    //

**IV.    ORDER**

       For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated:  September 29, 2022

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7